**John B. SHORES et ux., Plaintiffs-Appellants,**

v.

**William C. SPANN and Spannz Development Company, Defendants-Appellees.**

**Gary W. MOORE et ux., Plaintiffs-Appellants,**

v.

**William C. SPANN and Spannz Development Company, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section.

April 29, 1977.

Certiorari Denied by Supreme Court July 5, 1977.

Michael R. Jones, Springfield, for plaintiffs-appellants.

Robert F. Spann, Nashville, Joe K. Walker, Springfield, for defendants-appellees.

## OPINION

SHRIVER, Presiding Judge.

These cases were consolidated and tried before the Honorable Thomas Boyers, III, Judge of the Circuit Court of Robertson County, without the intervention of a jury, and at the conclusion of the trial he entered an order dismissing both cases, whereupon, the plaintiffs appealed and have assigned error.

### The Pleadings and Proceedings Below

The cases were instituted in the General Sessions Court of Robertson County and from the judgment in favor of plaintiffs, were appealed to the Circuit Court. Upon motion, the civil warrants were amended in the circuit Court so as to allege that the defendant, William C. Spann, negligently constructed a house on each of the two lots, Nos. 66 and 71, in the Whispering Meadows Subdivision, with a septic tank and sewage system for each house, knowing that the system could not reasonably be expected to function correctly, and then sold said houses to the respective plaintiffs; that the defendant, knowing that a defective condition existed in the sewage disposal system, failed to disclose to the plaintiffs the condition of the premises and that said defective condition affected the health and safety of the plaintiffs and that said failure on the part of the defendant constituted actionable fraud for which he is liable for damages not to exceed $3,000.00 in each case.

The amended warrants also charged that the defendant expressly warranted that the house in question was constructed according to plans and specifications approved by the Federal Housing Administration and that as constructed said houses had defective sewage disposal systems and this constituted a breach of express warranty. And, in the alternative, plaintiffs charge that the defendant impliedly warranted the houses to be suitable for habitation and that they were constructed in a workmanlike manner and that the defendant is expressly liable to the plaintiffs under the theory of the Restatement of Torts 2d 402A for damages, not to exceed $3,000.00.

The answer of the defendant Spann denies liability and asserts that, in the event the Court should assess damages against him, he would be entitled to a set-off for the fair market rental value of the house located on Lot No. 66, in the amount of $240.00 a month for the period of time that plaintiffs lived in said house, inasmuch as they did not make any mortgage payments while they lived there and are suing for the return of their down payment on the house.

For further answer, defendant avers that he purchased the lots in question from H. L. Crowder about May 29, 1973, and at the time of the conveyance to him soil percolation tests had been made and that it was represented to him that the type and nature of the soil was such that it would percolate satisfactorily so as to dispose of sewage for the residences thereon.

He avers that if any damages accrued, it was the fault of H. L. Crowder and not defendant Spann and prays that, in the event of judgment against him, he have judgment over against the third party defendant, H. L. Crowder.

For answer, the third party defendant, Crowder, denies any liability and asserts as an affirmative defense that the property known as Whispering Meadows Subdivision has been substantially complete for more than four years and that, therefore, any action based on defective improvements on said property is barred by the Statute of Limitations, T.C.A. § 28–314, et seq., which is specifically pleaded.

After a full hearing the Court entered the following order:

*"ORDER*

"These causes came on to be heard before the Thomas Boyers, III, Judge of the Circuit Court for Robertson County, Tennessee, on the 25th day of March, 1976, pursuant to Tennessee Rule of Civil Procedure 42.01 these cases were consolidated, the same being an appeal from the General Sessions Court of Robertson County, Tennessee, upon the testimony of witnesses in open Court, statement of counsel for the plaintiffs, defendant, third party plaintiff and third party defendants, from all of which the Court found that the respective plaintiffs purchased new homes from the defendant, who was the owner of the lots and builder of said homes, and that the septic tank systems installed by the defendant in said homes caused raw sewage to flow onto the surface of said lots, and that the third party defendant was the original owner of said lots, having sold these lots to the defendant, and the Court was of the opinion that the 'caveat emptor' doctrine demanded that the plaintiffs' cases be dismissed.

It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the plaintiffs' cases be dismissed on the ground that the legal theory of 'caveat emptor' is applicable and bars recovery.

That plaintiffs are granted thirty (30) days to perfect their appeal to the Court of Appeals.

ENTERED, this 24th day of June, 1976.

/s/ Thomas Boyers, III
JUDGE".

### Assignment of Error

There is a single assignment which is designated "Statement of Errors of Law", which is as follows:

"The Trial Judge in his order specifically held that the action of the appellants was barred by the rule of *caveat emptor.* The appellants are contending that the doctrine of *caveat emptor* has outlived its usefulness and should be replaced with the implied warranty—strict liability theory announced in *Waggoner v. Midwestern Development, Inc.,* 83 S.D. 57, 154 N.W.2d 803 (S.D.1967)."

### The Facts

We have before us a narrative bill of exceptions which by proper order was amended and approved by the Trial Judge.

The testimony of plaintiff, *John B. Shores,* was to the effect that during the Summer of 1974, he and his wife looked at a house located on Lot No. 64 on the Plan of Whispering Meadows Subdivision (the warrant, as amended, refers to Lot No. 66);

that an employee of defendant, William C. Spann, showed them the house and they noticed a wet spot in the yard but were told that it was probably a run-off from the interstate; that on August 8, 1974, they purchased the house and lot and were informed that Mr. Spann had built the house and that it had not been previously occupied; that within six or eight weeks problems developed with the septic tank system and, upon complaining about it, Mr. Spann caused more field lines to be installed but septic waste water again appeared in the yard, whereupon, a hole was knocked in the end of the field line causing the overflow to run into an open ditch in front of the house.

He testified that in purchasing the house they made a down payment of $2,000.00 and paid a closing cost of $298.92, plus $10.00 for a credit report; that they moved into the house on August 8, 1974 and that, although a house payment was due in September, 1974, they made no payments even though they had the money with which to pay; that they remained in the house from August, 1974 until April, 1975, but that in February, 1975 they conveyed the house to the Secretary of Housing and Urban Development and that they paid no rent on the house during the time they lived there.

*Mrs. John B. Shores* corroborated her husband's testimony.

*Plaintiff, Gary W. Moore*, testified that he and his wife purchased a house on Lot No. 71 in the Whispering Meadows Subdivision from Mr. Spann on December 31, 1974; that several weeks after moving in and upon mowing the yard, he discovered several wet places and that septic tank waste appeared on the ground of the lot and that thereupon they conveyed the house to the Secretary of Housing and Urban Development as his mortgage through the Guaranty Mortgage Company was FHA insured. He testified that at the time of purchase they paid $1,000.00 down payment and $501.39 closing cost and, thereafter, paid three house payments to Guaranty Mortgage in the amount of $208.00 each and did not make any other house payments.

*Defendant, William C. Spann*, testified that he was the owner of lots Nos. 66 and 71 above described, that he built the houses thereon for the purpose of selling them and that they were sold to the plaintiffs, Shores and Moore; that he had purchased these lots from Mr. H. L. Crowder; that the houses were new and had not been occupied prior to occupation by plaintiffs. He testified that the septic tank systems had been inspected by the Robertson County Health Department at the time of installation and met all the standards of the Health Department and that after the Shores moved into their house, he did cause additional footage of drainage field to be installed for them but he did not make any additional field lines for the Moores since he did not feel that it was necessary.

He testified that he made no representations to either purchaser that the septic tank systems would be perfect and that, in fact, the septic tank systems operated correctly.

The record of Mr. Spann's testimony was enlarged upon so as to state that the subdivision in question was laid out with streets, water, etc., and that there were a total of 104 lots; that at the time he purchased four building lots there were several other homes that had been built in the subdivision on other lots and that he was informed by the vendor that the subdivision was approved, that percolation tests were run on various lots and that they were approved for septic tanks; that in accordance with prescribed rules and regulations he obtained a building permit from the Robertson County Health Department and that the installation of the septic tanks was inspected as they were being installed by Mr. Jerry W. Collins, Sanitarian for the Robertson County Health Department, and that the installation of the septic tanks and the plumbing was in complete accord with specifications for this subdivision and that construction and installation was approved by Mr. Collins for the Robertson County Health Department. He further testified that the houses were built in accordance with FHA specifications and the construction of the homes was also inspected by the FHA inspectors; that he had no notice or knowledge of any problem with the septic tank or overflow systems installed until after the

houses were occupied by the plaintiffs. He denied that he made any representations to the purchasers concerning the houses other than that they were constructed according to FHA standards and that he knew of no defects in the construction of the houses prior to occupancy.

The testimony of the plaintiffs was amended to state:

"That after living in the houses for several months, the payments to the mortgage company were not current and they deeded the property back to the Secretary of Housing and Urban Development by deed in lieu of foreclosure."

## Our Conclusions

Counsel for the plaintiffs-appellants insists that the Trial Judge erred in holding that the rule of *caveat emptor* applied and that, under said rule, the cases were dismissed.

Appellants cite and discuss *Smith v. Tucker*, 151 Tenn. 347, 270 S.W. 66, where it is said that between the vendor and vendee of real estate, once the vendee has taken possession the vendor is not subject to liability for bodily harm to the vendee or to others while upon the premises by a dangerous condition which existed at the time of the sale. It is stated that this rule has existed in Tennessee for many years but many exceptions have been created and that through the years the pendulum has swung full circle and now the rule of *caveat emptor* is fast becoming obsolete.

Citing *Cooper v. Cordora Sand & Gravel Co., Inc.*, 485 S.W.2d 261 [Tenn.App.1971], it is argued that the trend of the decisions throughout the country is to protect the purchasers and consumers because the promoters and vendors are now sophisticated and are able to protect themselves in the market.

However, in that case it should be noted that the Court held the vendor-developer liable for fraud in dealing with the purchasers.

*Belote v. Memphis Development Co.*, 208 Tenn. 434, 346 S.W.2d 441 (1961) is cited as standing for the proposition that a vendor of land who concealed or failed to disclose to his vendee any condition involving unreasonable risk to the person upon the land is subject to liability for bodily harm caused thereby to the vendee and others if the vendee does not know of the condition and the vendor does know and has reason to believe that the vendee will not discover the condition or realize the risk.

These and the other cases relied on by appellants are clearly distinguishable from the case at bar.

Counsel for appellants also argue that there is an implied warranty of reasonable workmanship and habitability surviving the delivery of a deed.

On the other hand, as is pointed out by counsel for the defendant, the testimony in this case is for the most part undisputed, that is that the house, including the septic tanks and overflows, were built and installed in a workmanlike manner and were inspected and approved by the appropriate authorities.

The testimony of the defendant, Mr. Spann, is undisputed that at the time the houses were built and sold to the plaintiffs, other homes had already been built in the subdivision and, as far as he knew, there had been no trouble with septic tanks and overflows and that information on which he relied and which appeared to be accurate was that percolation tests had been made and the subdivision approved by the Health Department of Robertson County and, furthermore, the plumbing system, including the septic tanks and overflows, were inspected by the proper authorities and representatives of the Health Department and were approved by them at the time of the installation.

The Trial Judge heard these witnesses and concluded that there had been no misrepresentation made by the defendant to induce plaintiffs to purchase their respective properties and that defendant was not liable under the facts shown by the record.

Defendant cites and relies on the holding in *Dozier v. Hawthorne Development Co.*, 37 Tenn.App. 279, 262 S.W.2d 705 (1953) wherein the Court dealt with a situation very similar to that involved in the case at bar. In the *Dozier case* plaintiffs had pur-

chased a residence from the defendant Company and it was shown that prior to the purchase by plaintiff, the septic tank system had been approved by the Sanitary Engineer of Davidson County representing the Health Department of the County, but shortly after moving into the house the purchasers complained to their vendor that the septic tank did not properly dispose of the sewage but let it well up in the yard and they called on the vendor to refund what they had paid on the property and on their note and offered to execute a deed conveying their equity back to the vendor, provided it would assume payment of the balance of the note but the defendant Company refused, whereupon, the purchasers filed suit to recover what they had paid on account of the purchase and to obtain other incidental relief.

In an opinion written by Mr. Justice Felts it is pointed out that the plan for the subdivision had been approved and the County Health Department authorized the installation of septic tanks to take care of the sewage from the homes built on the lots. The Court stated:

"If this expert sanitary engineer, the official whose duty it was to determine the matter, was of the opinion that the soil would be adequate for the large building lots, it would seem that the vendor and its officers could safely follow that opinion. . . .

"The rule of caveat emptor generally applies to sales of land. Smith v. Tucker, 151 Tenn. 347, 270 S.W. 66, 41 A.L.R. 830."

The opinion quotes the plaintiff as saying that there was no discussion between him and the seller about any septic tank before or at the time of the contract.

In the Dozier case, it was said that where purchasers bought a house which had a septic tank approved by a sanitary engineer of the Health Department, without making an investigation of sewerage disposal facilities, and where the vendor made no representations concerning the sewerage system, the purchasers could not rescind the contract when the septic tank failed, and the opinion stated:

"In order to constitute fraud or be ground of rescission, there must not only be a representation as to an existing fact but the representation must have been relied upon, and must have been so material that it determined the conduct of the party seeking relief."

 Applying the principles announced in Dozier, supra, to the case at bar, we think the Trial Judge reached the right conclusion. This is true regardless of the application or non-application of the doctrine of caveat emptor.

The Court found that there had been no fraud or misrepresentation on the part of the vendor of this property who relied on the action of the representatives of the Health Department of the County in approving the construction of residences with subsurface sewage disposal systems and actually approved the construction of such systems on the property sold to the plaintiffs.

 This case comes to us for trial de novo with a presumption of correctness unless the evidence preponderates against the conclusions of the Trial Judge and must be affirmed unless the evidence preponderates against his conclusions. § 27–303, T.C.A.

 It is to be borne in mind that where the case is tried without a jury on oral testimony, the judgment of the Trial Court is entitled to great weight on appeal and his finding as to the credibility of witnesses is conclusive. Early v. Street, 192 Tenn. 463, 241 S.W.2d 531 (1951), and numerous cases.

We find that the evidence clearly supports the factual conclusions of the Trial Judge in the case at bar. It, therefore, results that the assignment of error is overruled and the judgment of the Trial Court is affirmed.

AFFIRMED.

TODD and DROWOTA, JJ., concur.