# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

**FILED**

**January 26, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

E1999-02443-COA-MR3-CV

| | |
|---|---|
| JAMES R. GOLDEN, | ) C/A NO. 03A01-9904-CV-0143 |
| | ) |
| Plaintiff-Appellee, | ) WASHINGTON LAW |
| | ) |
| vs. | ) G. RICHARD JOHNSON, |
| | ) CHANCELLOR |
| HOLLY N. HOOD (BLACK), | ) |
| | ) REVERSED AND |
| Defendant-Appellant. | ) REMANDED |

THOMAS H. TORBETT, TORBETT & TORBETT, Kingsport, for Plaintiff-Appellee.

STEVEN G. GOTT, and GUYTON O. TERRY, III, FULLER, VAUGHN & GOTT, Kingsport, for Defendant-Appellant.

## **O P I N I O N**

Franks, J.

The Trial Judge refused to enforce a settlement agreement between the parties which resulted from mediation, and this Court granted an appeal pursuant to Rule 9, T.R.A.P.

Plaintiffs brought an action for damages as a result of a motor vehicle accident, and the parties agreed to mediate the dispute. The mediation was before Tommy Lee Hulse, and resulted in an agreement which was signed by the mediator,

plaintiff and his attorney and the defendant's attorney. The agreement provides:

> The parties hereto, JAMES R. GOLDEN, PLAINTIFF AND HOLLY N. HOOD (BLACK), DEFENDANT, having submitted the facts and issues to Tommy Lee Hulse the mutually agreed upon mediator, have fully and completely resolved the dispute as follows:
>
> HOLLY N. HOOD (BLACK) shall pay to JAMES R. GOLDEN $9,000.00 Dollars inclusive of all costs, disbursements and attorney fees for damages, whether compensatory, liquidated and/or punitive. All payments shall be made no later than June 10, 1998.
>
> That no party to this agreement shall at anytime hereinafter make any claims against the other, institute any lawsuit against the other or make any demands for payment from the other for any alleged reason or causes arising out of the facts and issues of the matter herein. Each party releases the other from any and all claims and/or liability arising from this matter.
>
> That this agreement is final and binding upon any and all parties to this matter and enforceable in any court of law of general jurisdiction.

Subsequently, plaintiff refused to comply with the agreement, and the defendant filed a motion before the Trial Judge to enforce the agreement. Plaintiff, in response to the motion, filed his affidavit, and stated that during the mediation he was told by his attorney, the mediator and the defendant's attorney, that the maximum recovery he could expect was three times the amount of medical expenses, or $9,000.00. He also stated that the mediator told him a jury would probably not award him the full amount of his medical expenses, and that $9,000.00 was all he was entitled to by law. Also, that his former attorney had threatened to withdraw from the case if he did not accept the settlement. He further recounted that he had been receiving weekly psychotherapy for depression, and attached letters from his psychologist. Psychologist opined that plaintiff has been in weekly psychotherapy for

2

the past few months, and that part of the sessions have been spent dealing with the trauma from the car accident, also that part of plaintiff's depression was related to consequences of the accident. He further was of the opinion that a "recurrent pattern" for plaintiff was that he becomes submissive when being unduly pressured by others, and that the circumstances of mediation likely caused plaintiff to "compliantly sign the mediation agreement despite his sense that it was an unfair one."

The Trial Judge, upon hearing the motion, concluded that plaintiff was under undue stress and duress, and was suffering from depression and for these reasons, the motion was denied.

Fundamental principles of contract law are applicable here. Recission of a contract "is not looked upon lightly" and "is available only under the most demanding circumstances." *Robinson v. Brooks*, 577 S.W.2d 207 (Tenn. Ct. App. 1978). Further, the party seeking recission bears the burden of proof. *Williamson v. Upchurch*, 768 S.W.2d 265 (Tenn. Ct. App. 1988). When a contract is valid and no injustice will result, courts are "bound to enforce it." *Bush v. Cathey*, 598 S.W.2d 777 (Tenn. Ct. App. 1979).

Plaintiff contends that he executed the contract under duress. Duress is often defined in our case law as:

> an unlawful restraint, intimidation, or compulsion of another to such an extent and degree as to induce such other person to do or perform some act which he is not legally bound to do, contrary to his will and inclination. The alleged coercive event must be of such severity, either threatened, impending or actually inflicted, so as to overcome the mind and will of a person of ordinary firmness.

*McClellan v. McClellan*, 873 S.W.2d 350 (Tenn. Ct. App. 1993). *See also Federal*

3

*Deposit Insurance Corp. v. Ramsey*, 612 F. Supp. 326 (E.D. Tenn. 1985).

In this case, plaintiff asserts that his attorney threatened to withdraw from the case if he did not accept the settlement. Plaintiff's statements do not establish *prima facie* duress of such nature as to vitiate the contract. Nor do the psychologists' statements rise to the level required to find a lack of capacity. In this jurisdiction, a lack of capacity is defined as a lack of "sufficient mind to understand, in a reasonable manner, the nature, extent, character, and effect of an act or transaction in which he is engaged." *Knight v. Lancaster*, 988 S.W.2d 172, 178 (Tenn. Ct. App. 1998). Plaintiff also avowed that "false assertions" were made by the mediator and attorneys as to what he could hope to recover. Plaintiff's allegations of "false assertions" fall within the nature of a claim of fraud or misrepresentation. "In order to constitute fraud or be ground of rescission, there must not only be a representation as to an existing fact but the representation must have been relied upon, and must have been so material that it determined the conduct of the party seeking relief." *Shores v. Spann*, 557 S.W.2d 67, 72 (Tenn. Ct. App. 1977). The record before us does not establish that plaintiff would have likely received more compensation than $9,000.00 had he proceeded to trial. The record does not establish that such opinions, if made, were fraudulent, or that there was a material misrepresentation as to his likely recovery. Plaintiff freely signed the agreement with the advice of counsel.

The Supreme Court has recognized that mediation and arbitration are valuable tools which can "make the process of dispute resolution more efficient, more economical, and equally fair." *See* Preamble to Tenn. R. S. Ct. 31. While fraud is a

4

basis to set aside such agreements, the record does not support setting aside the agreement signed by the plaintiff. In the absence of fraud or mistake, an agreement reached in mediation to settle litigation is conclusive against a party seeking to void it. *See Vela v. Hope Lumber & Supply Co.*, 966 P.2d 1196, 1198 (Okla. Ct. App. 1998).

In this case, the agreement was clear and unambiguous and establishes a binding and enforceable settlement of plaintiff's claim. Accordingly, we reverse the judgment of the Trial Court and remand for the entry of a judgment consistent with this Opinion. The cost of the appeal is assessed to plaintiff.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Charles D. Susano, Jr., J.